IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

Case No. 07-33844

JOHN WAYNE STURGEON
BRENDA DIANE STURGEON
a/k/a DIANE STURGEON

        Debtors

MEMORANDUM ON OBJECTION TO
CONFIRMATION OF PLAN AND PLAN TERMS
FILED BY AMERICREDIT FINANCIAL SERVICES

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
    John P. Newton, Jr., Esq.
    1111 Northshore Drive
    Suite S-570
    Knoxville, Tennessee  37919
    Attorneys for Debtors

    HALE DEWEY & KNIGHT, PLLC
    Holly N. Knight, Esq.
    Christopher M. Kerney, Esq.
    424 Church Street
    Suite 1505
    Nashville, Tennessee  37219
    Attorneys for AmeriCredit Financial Services

    GWENDOLYN M. KERNEY, ESQ.
    Post Office Box 228
    Knoxville, Tennessee  37901-0227
    Chapter 13 Trustee

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection to Confirmation of Plan and Plan Terms Filed By AmeriCredit Financial Services (Objection to Confirmation) filed on December 7, 2007, by AmeriCredit Financial Services (AmeriCredit). The court held a preliminary hearing on the Objection to Confirmation on January 2, 2008, at which time, the parties agreed that the matter should be decided on stipulations and briefs. Pursuant to the court's January 4, 2008 Order, the parties filed Joint Stipulations of Facts and Issues on January 17, 2008, and AmeriCredit filed its Memorandum of Facts and Law in Support of Objection to Confirmation By AmeriCredit Financial Services on January 31, 2008; however, the Debtors did not file a brief.[1] Because the identical issues raised by AmeriCredit have been decided by the court in two prior cases, *In Re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006), and *In re Steakley*, 360 B.R. 769 (Bankr. E.D. Tenn. 2007), the Objection to Confirmation will be overruled.

The Debtors filed the Voluntary Petition commencing their bankruptcy case under Chapter 13 of the Bankruptcy Code on November 9, 2007. AmeriCredit is a secured creditor of the Debtors, holding a claim in the amount of $24,258.77, secured by a 2005 Isuzu Ascender (Ascender). The Debtors' Chapter 13 Plan (Plan), filed on November 9, 2007, proposes monthly payments of $755.00 for 60 months, plus payment of all tax refunds in excess of $1,500.00, resulting in a projected 100% dividend to nonpriority unsecured creditors. With respect to AmeriCredit's claim, the Plan proposes to surrender the Ascender "in full satisfaction of debt. No deficiency claim allowed."

---

[1] The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of material undisputed facts of record in the Debtors' bankruptcy case.

Pursuant to the January 4, 2008 scheduling Order, the sole issue the court is called upon to resolve is "[w]hether 11 U.S.C. § 1325(a)(5)(C) (2005), in conjunction with the 'hanging paragraph' in 11 U.S.C. § 1325(a) (2005), allows the Debtors to surrender AmeriCredit's collateral, a 2005 Isuzu Ascender, 'in full satisfaction of debt' with 'no deficiency claim allowed.'"

Section § 1325(a) provides, in material part:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

> . . . .

> (5) with respect to each allowed secured claim provided for by the plan—

>> (A) the holder of such claim has accepted the plan;

>> (B)(i) the plan provides that—

>>> (I) the holder of such claim retain the lien securing such claim until the earlier of—

>>>> (aa) the payment of the underlying debt determined under nonbankruptcy law; or

>>>> (bb) discharge under section 1328; and

>>> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

>> (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

>> (iii) if—

>>> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

3

>   >   (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
>   (C) the debtor surrenders the property securing such claim to such holder;
>
>   . . . .
>
>   For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period[2]] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing[.]

11 U.S.C. § 1325(a) (2005).

In *Ezell*, the court determined that 11 U.S.C. § 1325(a), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, removed the ability of secured creditors to bifurcate their claims under 11 U.S.C. § 506(a) (2005) when the provisions of the alphanumeric paragraph located at the end of § 1325(a) are met. Accordingly, under this "Anti-Cramdown Provision," once the requirements therein are met, debtors wishing to retain collateral under § 1325(a)(5)(B) must pay the full amount of the secured claim, and debtors wishing to surrender collateral under § 1325(a)(5)(C) do so in full satisfaction of the debt. *Ezell*, 338 B.R. at 340. In *Steakley*, the court expanded upon *Ezell*, holding that the Bankruptcy Code preempted state law with respect to modification of creditors' rights, and § 1325(a)(5)(C) in conjunction with other provisions

---

[2] The court supplies this word which was presumably inadvertently omitted by the drafters of the statute.

of the Bankruptcy Code, including 11 U.S.C. § 1322 (2005) and the Anti-Cramdown Provision, leaves no avenue for a creditor to properly claim a deficiency balance under state law or the Uniform Commercial Code. *Steakley*, 360 B.R. at 773-74.

   All of the applicable requirements set forth in the Anti-Cramdown Provision apply in this case. The Ascender was purchased by the Debtors for their personal use on May 24, 2005, within the 910-day period set forth in the statute, and the Retail Installment Contract executed by the Debtors grants AmeriCredit a purchase money security interest in the Ascender to secure the debt that is the subject of its claim. Accordingly, based upon the *Ezell* and *Steakley* decisions, which are controlling in this court on this issue, § 506(a) does not apply to AmeriCredit's claims, the Anti-Cramdown Provision solidifies its position as a fully secured creditor of the Debtors without regard to whether the proposed treatment is retention or surrender, and there is no avenue by which AmeriCredit may bifurcate its fully secured claim and file a deficiency claim. The Objection to Confirmation filed by AmeriCredit Financial Services shall be overruled.

FILED: February 11, 2008

                                      BY THE COURT

                                      /s/ RICHARD STAIR, JR.

                                      RICHARD STAIR, JR.
                                      UNITED STATES BANKRUPTCY JUDGE